DENNIS M. SAWYER v. EDMOND WRIGHT.

(Filed 21 September, 1966.)

Quasi-Contracts § 1—

    A party is not entitled to recover for material and work upon a chattel as against a party later acquiring title to the chattel when at the time the work was done neither he nor the later purchaser owned the chattel.

APPEAL by defendant from *Hubbard, J.,* at January 1966 Session of PASQUOTANK Superior Court.

During the year 1958 the defendant claimed to be the owner of a boat known as "Barbara Ann." He offered to sell it to the plaintiff at a total cost of $3500, which would include the expense of rebuilding the boat and it was to be delivered by 1 August, 1958. The plaintiff paid the defendant $975 on the purchase price, but the reconditioning of the boat had not been completed by 16 September, 1958, at which time the plaintiff learned that the defendant did not own the Barbara Ann but that she was the property of Elmer V. Midgett, Sr., and was subject to several liens. The plaintiff made arrangements to clear the title to the boat through Mr. Midgett and has brought suit to recover the $975 paid as part of the purchase price, and additional moneys expended.

The defendant admitted the payment of the $975 by the plaintiff and further admitted that he was not the owner of the boat at the time of the transaction. He attempted to set up a counterclaim against the plaintiff for $3,710.52 which he claims the plaintiff owes him for the boat, engine, and time and material for rebuilding it.

The case was referred to a referee who filed a report in the matter; but when the cause came on to be heard before Judge Hubbard the plaintiff moved for judgment on the pleadings, abandoning his claim for everything but the $975. The motion was allowed and plaintiff was awarded judgment against defendant in the sum of $975 with interest.

The court held that as a matter of law that the defendant had failed to state a valid counterclaim and denied it.

The defendant appealed from the judgment.

*Worth & Horner by W. A. Worth for plaintiff appellee.*
*Frank B. Aycock, Jr., for defendant appellant.*

PER CURIAM. The plaintiff paid the defendant $975 as part of the purchase price for a boat the defendant did not own. Upon this admission by the defendant, plaintiff was clearly entitled to recover that amount.

Defendant's contention that he was prevented from obtaining good title to the boat by plaintiff's wrongful interference in having the liens cancelled is without merit. The facts show that defendant admittedly was not the owner of the boat; that he did not do the work he contracted to do and he failed to deliver the boat on the agreed date. The plaintiff, in having the liens cancelled, was merely seeking to protect himself from further loss in view of his previous transactions with the defendant.

The defendant asserts a counterclaim and seeks to recover of plaintiff money which he expended in rebuilding a boat that neither he nor plaintiff owned at the time the work was done. There is no merit in his counterclaim under these conditions.

The judgment is
Affirmed.